UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DIANE MAURIELLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:07-CV-239 |
| | ) | (VARLAN/GUYTON) |
| V. | ) | |
| | ) | |
| VILLAGES AT NORRIS LAKE, LLC, and | ) | |
| LAND RESOURCE COMPANIES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the order of the District Court [Doc. 30] referring the Motion to Withdraw of Attorney J. Gregory Grisham and the Law Firm of Leitner, Williams, Dooley & Napolitan, PLLC [Doc.29] to this Court for disposition.

In their motion, Mr. Grisham and Leitner, Williams, Dooley & Napolitan, PLLC, ("Leitner Williams") move to withdraw from their representation of the Defendants because the Defendants have no source of payment to reimburse Leitner Williams and Mr. Grisham for their services and because there is no insurance coverage in this case upon which to make a claim or satisfy a judgment. [Doc. 29-1 at 4]. Mr. Grisham and Leitner Williams have given notice of their request to withdraw to the Defendant entities' bankruptcy trustee, who has agreed to the withdrawal. Mr. Grisham and Leitner Williams represent that they have demonstrated good cause for withdrawing.

Pursuant to Local Rule 83.4 an attorney must receive notice of his or her withdrawal to a client within certain time parameters, or the client certify in writing that he or she agrees to the

withdrawal of counsel. However, "[i]f the client is a corporation or other artificial person or legal entity created by statute that may only appear in court through counsel, the Court, absent extraordinary circumstances, shall not allow the attorney to withdraw until the client has obtained substitute counsel." E.D. Tenn. LR 83.4.

The Court has reviewed Mr. Grisham and Leitner Williams's thorough filing, but the Court cannot find any extraordinary circumstances that would justify allowing these attorneys to withdraw without substituting counsel. Moreover, the Defendant's bankruptcy attorneys specifically requested that they not be served with future pleadings. [Doc. 29-2]. Thus, if the Court were to grant the motion, it appears that the Defendant LLCs would be left unrepresented, a situation which must be avoided under the Local Rule 83.4 and the Federal Rules of Civil Procedure.

Based on the foregoing, the Court finds that the Motion to Withdraw **[Doc. 29]** is not well-taken, and it is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge